NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTINA SANDBERG, Individually
and as Administrator of the Estate of
Rodney Sandberg, deceased and KAY
SANDBERG, an individual,

        Plaintiffs - Appellant,

  v.

CITY OF TORRANCE, et al.,

        Defendants - Appellees.

No. 10-55608

D.C. No. 2:08-cv-08335-VBF-SS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON, Chief
District Judge.**

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The Honorable Ralph R. Erickson, Chief District Judge for the U.S.
District Court for North Dakota, Fargo, sitting by designation.

The appellants brought suit under 42 U.S.C. § 1983, claiming that the defendant police officers' use of non-deadly and deadly force resulting in Rodney Sandberg's death was unconstitutionally excessive. A jury trial commenced, and after both parties had rested, the appellees moved for judgment as a matter of law under Fed. R. Civ. P. 50(a). Even when the evidence was viewed in a light most favorable to the appellants, the district court found the officers' actions were objectively reasonable and there was no legal basis on which appellants could prevail in their § 1983 claim. Accordingly, judgment as a matter of law was entered for the appellees under Rule 50(a). This appeal followed. We affirm.[1]

The appellants contend the district court erred in entering judgment as a matter of law under Rule 50(a) by concluding there was no legal basis on which a reasonable jury could find the defendant officers used unconstitutionally excessive force in violation of 42 U.S.C. § 1983. We review a district court's entry of judgment as a matter of law under Fed. R. Civ. P. 50(a) *de novo*. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205-06 (9th Cir. 2008). All evidence must be viewed and all inferences must be drawn in favor of the non-moving party, and the evidence at trial must permit only one reasonable conclusion for the judgment to be

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

affirmed. *Id.*

The constitutional violation alleged under 42 U.S.C. § 1983 is excessive force by law enforcement. "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). A claimed violation of 42 U.S.C. § 1983 for use of excessive force is rooted in the Fourth Amendment's protection against unreasonable searches and seizures. *Id.* at 394.

> The test of reasonableness under the Fourth Amendment . . . requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest[.]

*Id.* at 396. (Quotation and citations omitted). We have recognized that the threat posed to the officers and others is the most important factor in the *Graham* analysis. *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97.

The testimony given at trial and the audio recording of the incident reveal a

chaotic scene that progressively deteriorated. When they arrived, the defendant officers were confronted with a suicidal man clutching a knife in a cramped mobile home with his family. Credible testimony was given that Sandberg was arguing with his family while in possession of the knife. The officers, who had been given conflicting details of the scene in separate 911 calls, were faced with a confusing—and dangerous—scene.

After removing the other occupants from the home, the officers used a taser in an attempt to subdue Sandberg, which proved tragically ineffective. While some may question the repeated use of the taser in hindsight, we cannot say that it was unreasonable police procedure. The audio recording reveals that Sandberg was growing increasingly desperate, that the situation was rapidly deteriorating, and that the officers had a legitimate reason to fear for their safety. Despite its later-proven ineffectiveness, the use of non-deadly force through taser shock was an objectively reasonable tactic to use to defuse the situation.

Additionally, there is no legal basis on which a reasonable jury could find that the officers' use of deadly force was unconstitutionally excessive. Testimony from the officers and family members agree that Sandberg was constantly moving throughout the encounter, all the while holding a knife. Further, the audio recording reveals multiple comments from Sandberg indicating his desire for the

4

police to shoot him. After repeated commands of "shoot me" and "put me out of my misery," Sandberg eventually taunted the officers asking if he has to charge them for them to finally open fire. The officers all agree that at some point, Sandberg charged them, resulting in this tragedy. Under these severely escalating circumstances, the officers reasonably and understandably feared for their personal safety. There is no legal basis on which a reasonable jury could find that the use of deadly force was unconstitutionally excessive.

We sympathize with the tragic circumstances of this case. The actions of law enforcement are given deference, however, to the extent that we will not condemn reasonable tactical decisions with the benefit of hindsight. *See Graham*, 490 U.S. at 396. Considering the unpredictable and dangerous situation confronted by the officers, no reasonable jury could find that their actions were unreasonable, and the district court was correct in entering judgment as a matter of law under Fed. R. Civ. P. 50(a).

**AFFIRMED.**